FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 18, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VICTOR JOHN STEVENSON,<br><br>Defendant. | No. 2:24-CR-00147-RLP<br><br>**ORDER GRANTING MOTION FOR JUDGMENT OF ACQUITTAL** |
|---|---|

BEFORE THE COURT is Defendant Victor John Stevenson's Motion to Dismiss Count Three of the Superseding Indictment Pursuant to FRCrP 29, ECF No. 129. Mr. Stevenson is represented by Zachary Ayers. The Government is represented by Assistant United States Attorney Nowles Heinrich and assisted by law clerk Jessica Vye.

Count Three charges Mr. Stevenson with possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). As detailed at trial, this charge stemmed from discovery of a loaded firearm and distribution-quantity methamphetamine stored in a locked safe in the trunk of Mr.

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 1

Stevenson's car. Law enforcement's investigation into Mr. Stevenson did not involve any undercover drug sales or evidence of actual drug trafficking. The discovery of the safe and its contents occurred as a result of a fortuitous probation search. Because § 924(c) requires not simply proof of firearm possession by someone engaged in a federal drug trafficking offense, but also proof that the firearm furthered (i.e. promoted or advanced) the charged offense, Mr. Stevenson argues the Government's evidence was insufficient to sustain a § 924(c) conviction. The Court agrees and grants Mr. Stevenson's motion.

## BACKGROUND[1]

On September 26, 2024, Mr. Stevenson reported to the Wenatchee Department of Corrections (DOC) Field Office for a random urinalysis drug test while serving a term of community custody. ECF Nos. 129 at 2; 131 at 3. He traveled to the office in his car and parked in the DOC parking lot. ECF Nos. 129 at 2; 131 at 3.

Community Corrections Officer ("CCO") Martinez-Medina administered the urinalysis. ECF No. 129 at 2. Mr. Stevenson tested positive for methamphetamine, which DOC found to be a knowing violation of his conditions of release. *Id*. CCO Martinez-Medina searched Mr. Stevenson and seized a keyring with keys, a cell

---

[1] The facts are presented in the light most favorable to the Government, as required by FRCrP 29.

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 2

phone, a wallet, and sunglasses. *Id*. Mr. Stevenson was arrested and placed in the back of a DOC vehicle. *Id*.

Using the keys acquired from Mr. Stevenson, CCO Martinez-Medina, together with other DOC officers, proceeded to search the vehicle. ECF No. 129 at 2-3. Along with other officers, he found a bag containing approximately 6.8 grams of methamphetamine in the driver's side door pocket. *Id*. at 3; ECF No. 131 at 4.

Officers then opened the car's trunk and found two safes: a faux dictionary safe and a black metal safe. ECF No. 131 at 4. Officers determined a key on the keyring, previously seized from Mr. Stevenson's person, fit the safe's keyhole. *Id*.; ECF No. 129 at 3. Officers used the key to unlock the safe. ECF No. 129 at 3.

Inside the black metal safe, officers found 43.3 grams of pure methamphetamine, 10.4 grams of fentanyl pills, a Polymer80 Model PF940C 9mm caliber pistol containing a loaded magazine with eight rounds of ammunition, $19,000 in cash, loan paperwork in Mr. Stevenson's name, and a document detailing banking information. ECF Nos. 129 at 3; 131 at 4. The bag of methamphetamine was sitting on top of the firearm inside the safe. ECF No. 131 at 4.

The September 26 Incident formed the basis of Counts Two through Five of the Superseding Indictment. ECF No. 87. Count Two charged possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Count Three charged possession of a firearm in furtherance of drug

trafficking, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Count Four charged felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Count Five charged possession of fentanyl in violation of 21 U.S.C. § 844(a). ECF No. 56.[2]

Mr. Stevenson exercised his right to a jury trial and the Government presented evidence consistent with the above summary.

In addition to the percipient witnesses, the Government presented expert testimony from Deputy Brett Peterson. Deputy Peterson educated the jury on the market price for methamphetamine at the time of the vehicle search; explaining the price for approximately 50 grams of methamphetamine was between $400 and $800 if purchased in bulk. ECF No. 131 at 5. Deputy Peterson further testified the quantity of methamphetamine seized from Mr. Stevenson's vehicle was consistent with a drug distribution. *Id*.

At the close of the Government's case, Mr. Stevenson orally moved for judgment of acquittal. The Court denied the motion as to Counts Two, Four, and Five and reserved ruling as to Count Three. The jury subsequently returned guilty

---

[2] Count One, charging Mr. Stevenson with felon in possession of a firearm or ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), involved a separate incident and was severed from Counts Two through Five. A separate jury convicted Mr. Stevenson of Count One. ECF No. 126.

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 4

verdicts on all counts, and the Court directed the parties to file supplemental briefing on Count Three.

## ANALYSIS

Review of a Rule 29 motion requires deference to the Government's evidence. The Court must construe the evidence "in the light most favorable to the Government" and ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Amintobia*, 57 F.4th 687, 697 (9th Cir. 2023) (quoting *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010)) (emphasis in original).

The issue here is whether the Government presented sufficient evidence to sustain a conviction under 18 U.S.C. § 924(c)(1)(A)(i). The Court begins with the statutory text. 18 U.S.C. § 924(c)(1)(A)(i) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
> (i)     be sentenced to a term of imprisonment of not less than 5 years;

As relevant here, the statute prohibits: (1) possession of a firearm, (2) in furtherance of a drug trafficking crime, (3) so long as the drug trafficking crime is one that may be prosecuted in a court of the United States. Mr. Stevenson's

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 5

Superseding Indictment clarifies the firearm at issue was a Polymer80 Model PF940C 9mm caliber pistol and the drug trafficking crime was Possession with Intent to Distribute 5 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1). ECF No. 56 at 3.

The current wording of § 924(c) "stemmed, at least in part, from Congress's disapproval of the Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)." *United States v. Rios*, 449 F.3d 1009, 1013 (9th Cir. 2006). At the time of *Bailey*, § 924(c)'s scope was limited to persons who "use[] or carr[y]" a firearm "during and in relation to" a crime of violence or federal drug trafficking crime. *Bailey* interpreted to word "use" to require "*active employment* of a firearm." *Rios*, 449 F.3d at 1013. Congress disapproved of this standard and amended the statute to increase its reach. *Id*.

Congress amended § 924(c) after *Bailey* to encompass not merely using or carrying firearms, but also possession. In enacting this change, Congress did not render § 924(c) boundless. Congress did not opt to prohibit possession of a firearm by anyone generally involved in drug trafficking. Instead, the statute now requires proof that the defendant's firearms possession was "in furtherance of" a federal drug trafficking crime. *Id.*

Notably, the Ninth Circuit has recognized that Congress did not even necessarily disagree with the outcome of *Bailey*, which resulted in reversal of convictions. *Id.* One of the defendants in *Bailey* had been arrested after a traffic

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 6

stop uncovered "cocaine and ammunition in the passenger compartment of his car, as well as a firearm and a large amount of cash in a bag locked in the trunk." *Id*. at 1014. Despite expert testimony that "drug dealers often carry firearms to protect their drugs, money and themselves," Congress "suggested" additional evidence would have been necessary to show the defendant possessed the firearm "in furtherance of" a federal drug trafficking crime. *Id*.

The Ninth Circuit has interpreted § 924(c)'s "in furtherance" language as requiring "proof the defendant possessed the weapon to promote or facilitate the underlying [drug trafficking] crime." *United States v. Krouse*, 370 F.3d 965, 967 (9th Cir. 2004). "[M]ere possession of a firearm by an individual convicted of a drug crime is not sufficient for a rational trier of fact to convict." *Rios*, 449 F.3d at 1012. "Instead, the government must show that the defendant intended to use the firearm to promote or facilitate the drug crime." *Id*.

The Government argues it satisfied the "in furtherance of" requirement here because the evidence showed the 9mm pistol facilitated Mr. Stevenson's "future drug deals." ECF No. 131 at 17. According to the Government, the pistol would have been helpful at some future time when Mr. Stevenson "opened his safe to distribute the drugs" in his possession. *Id*. at 2.

The Government's argument runs counter to § 924(c)'s text. The statute requires the defendant's gun possession be related to a drug trafficking crime that "may be prosecuted in a court of the United States." 18 U.S.C. § 924(c)(1)(A).

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 7

Federal law covers a broad swath of drug crimes, but future drug dealing is not one of them. While it may have been reasonable to infer Mr. Stevenson would utilize the 9mm pistol at some point in the future, this type of inference would be true of any drug trafficker found in possession of a firearm. Yet, as previously stated, Congress opted not to expand § 924(c) in this manner. And the Ninth Circuit has squarely rejected the idea one can infer a firearm is possessed in furtherance of drug trafficking simply because the defendant-possessor is involved in drug trafficking. *Rios*, 449 F.3d at 1012. Instead, what is required under § 924(c) is facts supporting a meaningful connection between the firearm and the federal drug charge at issue in the Indictment.

      Here, the charged drug crime is possession with intent to distribute methamphetamine. Thus, the question is whether Mr. Stevenson's possession of the 9mm pistol furthered—i.e. promoted or advanced—his offense of possession of methamphetamine with intent to distribute. *See Krouse*, 370 F.3d at 967 ("to further" means to help forward, promote or advance).

      Cases where a defendant possesses a firearm in furtherance of a possession with intent crime fall into two buckets: (1) those where law enforcement discovers firearms strategically located within the site of a defendant's drug-trafficking activity[3] and (2) those where the details of a defendant's drug trafficking activity

---

[3] The Government appears to label these cases the "dealing" cases.

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 8

are unknown, but evidence demonstrates a firearm is possessed to guard distribution-quantity drugs.[4]

The most common of the two buckets appears to be the first. *See United States v. Norwood*, 603 F.3d 1063, 1072 (9th Cir. 2010) (gun found strategically located at residence where drug trafficking appeared to have occurred); *United States v. Thongsy*, 577 F.3d 1036, 1041 (9th Cir. 2009) (firearm was "easily accessible or strategically placed" in area used as "focal point for drug operations"); *United States v. Hector*, 474 F.3d 1150, 1158 (9th Cir. 2007) (firearm was found "near the entryway where the drugs are sold, and on the path to where the drugs were stored"); *United States v. Mosley*, 465 F.3d 412, 417–18 (9th Cir. 2006) (guns were found cocked in apartment that was, "the base of operations for crack cocaine production and packaging"); *Krouse*, 370 F.3d at 968 (firearms were "strategically located within easy reach in a room containing a substantial quantity of drugs and drug trafficking paraphernalia."). In cases where a firearm is found within the site of a defendant's drug trafficking activities, evidence will be sufficient if the firearm was strategically placed at a location where it could "protect [the defendant], his drugs and his drug trafficking business." *United States v. Hector*, 474 F.3d at 1158.

---

[4] The Government appears to label these cases the "stealing" cases.

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 9

This case does not fall into the first bucket because the record lacks any information about Mr. Stevenson's drug trafficking activities. All we have are unresolved questions. Did Mr. Stevenson sell drugs from his home? If so, what part of the home? And where would the firearms have been located during the sales? If Mr. Stevenson would have stored his gun "in a difficult-to-access attic or storage room" then there likely would be insufficient evidence to justify a § 924(c) conviction. *Id*. Did Mr. Stevenson sell drugs out of his car? If so, how did those sales take place? If there was evidence Mr. Stevenson sold drugs out of the safe in his trunk, then perhaps one could infer the 9mm pistol was strategically placed to embolden his conduct. But there are no facts one way or another. The possibility Mr. Stevenson was involved in a bizarro trunk-or-treat operation is nothing but pure speculation. And speculation about a defendant's possible drug-trafficking practices is insufficient to justify a § 924(c) conviction. *Rios*, 449 F.3d at 1014–15 (rejecting the government's theories about how the defendant's drug trafficking activities might have occurred).

The second bucket of cases involves situations where a defendant possesses a firearm to protect a cache of drugs that are intended for distribution. This was the scenario in *United States v. Lopez*, 477 F.3d 1110 (9th Cir. 2007). Like the current case, the evidence in *Lopez* was gathered after a vehicle search. Law enforcement found a firearm under the passenger seat where the defendant had been sitting. A distribution-quantity of cocaine was found in the front console of the car. The

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 10

Ninth Circuit rejected the defendant's argument that this evidence was insufficient to justify a § 924(c) conviction. As the court explained, "evidence establishing the ready accessibility of the gun while [the defendant] was in possession of a distributable amount of cocaine satisfied the 'in furtherance' requirement." *Id*. at 1115.

While this case involved a vehicle search, it is not otherwise like *Lopez*. Unlike *Lopez*, Mr. Stevenson's firearm was not readily accessible. Had someone tried to steal his methamphetamine, the 9mm pistol would not have done Mr. Stevenson any good. "The only evidence adduced at trial showed that [the pistol was] not at hand, … but in a locked safe" in the trunk of the car. *United States v. Mann*, 389 F.3d 869, 880 (9th Cir. 2004). This circumstance does not justify an inference that Mr. Stevenson's possession of the guns furthered his crime of possession of methamphetamine with intent to distribute. The trial evidence was therefore insufficient to justify a conviction.

## CONCLUSION

18 U.S.C. § 924(c) is a serious criminal charge. It does not apply simply because a defendant is a drug trafficker who also possesses a firearm. To obtain a conviction under § 924(c) the government must prove the firearm was connected to an existing drug trafficking crime. Because the Government's evidence was insufficient to establish the "in furtherance" element of § 924(c), the claim must be dismissed.

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 11

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Mr. Stevenson's Motion to Dismiss Count Three, **ECF No. 129**, is **GRANTED**.

2. Mr. Stevenson is acquitted of Count Three of the Superseding Indictment. A judgment of acquittal on Count Three shall be entered.

3. The Court declines to conditionally order a new trial, pursuant to FRCrP 29(d)(1).

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and to provide copies to counsel and to the U.S. Probation Office.

**DATED** February 18, 2026

_____
REBECCA L. PENNELL
DISTRICT COURT JUDGE

ORDER GRANTING MOTION FOR
JUDGMENT OF ACQUITTAL ~ 12